Lucille Graham Gladney, etc., *et al.,* v. Mrs. Charlotta Louise Graham, etc., *et al.*

183 So. 299.
Opinion Filed August 1, 1938.
Rehearing Denied September 30, 1938.

*George W. Burke, James T. Brady, Edward E. Odom* and *D. B. White,* for Appellants;

*Baxter & Clayton* and *Scruggs* and *Sobol,* for Appellees.

Buford, J.—The appeal brings for review order of the Circuit Court which reads as follows:

"This cause coming on to be heard upon the motion for interlocutory order directing the defendant guardian and surety on her bond to file an itemized accounting, and upon the respective motions of the defendants incorporated in their respective answers and upon the testimony of the plaintiff ward and the exhibits of the defendant guardian, and the same having been argued by counsel for the respective parties and considered by the Court; and it further appearing to the Court that there are no bases in the pleadings or in the motion or in the proofs for further accounting by the guardian and her surety, and that such accounting, if had, could avail the plaintiff nothing:

"Thereupon it is Ordered, Adjudged and Decreed:

"1. That the motion for such accounting by the guardian and her surety be and the same is hereby denied.

"2. That the motions of the respective defendants incorporated in their respective answers be and the same are hereby severally granted.

"3. That the bill and amended bill and amendments thereto be and the same are hereby dismissed at the cost of the plaintiff."

Bill of complaint was filed October 22nd, 1936, by Lucile Graham Gladney, a minor, joined by her husband, Harvey Gladney, and by Frank T. Hines, Administrator of Veterans' Affairs, as next friend, by his attorney, George W. Burke, praying for an accounting. Amongst other things the bill alleged:

"VI. That the Guardian was appointed for the ward's estate by the County Judge on July 3, 1934, and she continued to act as such Guardian until July 13, 1936, at which time she was discharged as such guardian by the County Judge;

"VII. That the guardian and surety signed a guardianship bond concerning the estate of the ward on December 27, 1934, in the penal sum of One Thousand ($1,000.00) Dollars given for the faithful performance of the duties of the guardian; That said bond was posted with the County Judge on December 27, 1934, and the same was approved by the County Judge on the same date; That the said guardian, as principal, and the said surety, as such, were discharged and released from the obligation of said bond by the County Judge in his Order dated July 13, 1936;

"VIII. That the guardian received in behalf of the ward the sum of Seven Hundred Eighty-eight ($788.75) Dollars and Seventy-five cents, between the date of her appointment and the 23rd day of August, 1935, as adjusted compensation benefits and death compensation benefits; That the guardian received for the benefit of the ward Ten

($10.00) Dollars monthly from August 23, 1935, to June 30, 1936; That the guardian has not accounted for the said funds as she is in duty bound to do;

"IX. That the ward was born January 17, 1920;

"X. That the said discharge of the guardian and of the surety was upon the assumption that the marriage of the ward and her husband on June 20, 1936, relieved the ward of the disability of non-age;

"XI. That the Court should appoint a guardian for the estate of the ward; That the guardian aforesaid should be required to make and render a proper and correct accounting of the funds aforesaid unto the Court; That the guardian aforesaid should be required to reimburse the estate of the ward for any misappropriated funds and upon the failure of the guardian aforesaid to make such reimbursement, the surety should be required to reimburse the estate of the ward for any misappropriated funds;"

It is prayed that process be issued; that a Master be appointed to take testimony; that the Court determine any misappropriation of funds by the guardian and that she be required to reimburse the estate of the minor by paying money found to be due into the Court; that upon failure to make payment the surety on the guardian's bond be required to pay the money into court and that upon the determination of misappropriation of funds, the payment of same be made into the registry of the court; that the court appoint a proper person or corporation as guardian of the estate of Lucile Graham Gladney, a minor.

Defendants moved to dismiss the bill. Motion was granted with leave to amend. The bill was amended. The pertinent amendments were:

"That the guardian aforesaid filed with the County Judge's Court, Alachua County, Florida, on or about August 23, 1935, what purports to be an annual report of

accounting concerning the estate of your petitioner; That according to said report the said guardian alleged to have on hand by way of a deposit in the First National Bank of Gainesville. Alachua County, Florida, the sum of Five Hundred Twenty-Seven ($527.75) Dollars and Seventy-five cents belonging to the estate of your petitioner as of June 30, 1935; That under date of October 8, 1935, there was approved an award of Ten ($10.00) Dollars per month death compensation in the Central Office of the United States Veterans' Administration, Washington, D. C., authorizing the payment to the guardian aforesaid for your petitioner at the rate of Ten ($10.00) Dollars per month, effective from June 28, 1934; That said award and such payments continued to said legal guardian from June 28, 1934, to and including July 31, 1936.

II.   That on the date of making and entering of the said Order by the said County Judge on July 13, 1936, and for some years next prior thereto, your petitioner resided with and in the home of said guardian; that the said guardian is related to your petitioner as an aunt by marriage; That your petitioner by reason of her tender age and inexperience, reposed in said guardian complete and full confidence concerning matters pertaining to the estate of your petitioner.

"III. That at the time of the said purported discharge of said guardian by the said County Judge, your petitioner then and there reposing full confidence in said guardian, the said guardian did take advantage of such confidence, inexperience of your petitioner and your petitioner's tender years, and unduly influenced your petitioner to make and sign what purported to be a full and complete release acknowledging receipt in full of all personal property and monies belonging to your petitioner and requesting the said County Judge to acquit and discharge the said guardian

from further duties and responsibilities by reason of the guardianship. That the said release or receipt is not the act and deed of your petitioner, for inasmuch as the same was fraudulently obtained from your petitioner by said guardian upon said guardian's misrepresentations; the said guardian did then and there represent unto your petitioner that she had delivered to your petitioner all personal property and monies belonging to your petitioner, which representation was in truth and in fact not so; That relying upon such misrepresentations by the said guardian the petitioner did sign and affix her name to said purported release and receipt; That the said guardian made said representations wilfully and with full knowledge of the falsity thereof and for the purpose of having your petitioner to act thereon by way of affixing her name and signature to the said purported release and receipt; That there is attached hereto, marked Exhibit 'A' for identification, and made a part hereof a true, correct and verbatim copy of the said purported release and receipt, reference to which is prayed as often as may be necessary as if the same were incorporated herein verbatim;

"IV. That upon the execution of the aforesaid purported release and receipt the said guardian did pay unto your petitioner a sum totaling approximately Four Hundred Seventy-Eight ($478.00) Dollars; That said guardian is now accountable to the court and to your petitioner for a sum upward of Three Hundred ($300.00) Dollars;

"V. That upon the making and entering of said Order of the said County Judge on the 13th day of July, 1936, the said guardian had not prior thereto and has not since published notice of her application for discharge as such guardian once per week for four (4) consecutive weeks as she is by law bound to do;

"VI. That said Order by the said County Judge of Alachua County, Florida, dated July 13, 1926, purporting to discharge and release Charlotta Louise (Lucille) Graham as guardian of your petitioner, is a nullity and of no legal effect; That said order is void; That the said Court had no jurisdiction to make and enter said Order; That there is no law authorizing the said County Judge to make and enter such Order; That said Order was fraudulently procured by the said guardian; That a true, correct and verbatim copy of said Order is attached hereto, marked Exhibit 'B' for identification, and made a part hereof, reference to which is prayed as often as may be necessary as if the same were incorporated herein verbatim."

Attached to the bill of complaint was the following:

"I, Lucile Graham Gladney, formerly Lucile Graham, having married Harvey Gladney on the 20th day of June, 1936, in Ocala, Florida, which, under the law, removes my disability of non-age, do hereby acknowledge receipt in full of all personal property and monies belonging to me and coming to me from my Guardian, Charlotta Louise Graham, and request the Court to release, acquit and discharge my said guardian, Charlotta Louise Graham, from further duties and responsibilities by reason of such Guardianship. This 13th day of July, 1936.

"Lucile Graham Gladney,

"Sworn to and subscribed before me this 13th day of July, 1936.

"(SEAL)                B. D. HIERS, County Judge."

There was also attached Order of the County Judge as follows:

"By the Judge of the County Judge's Court of Alachua County. State of Florida.

"To All to Whom These Present Shall Come, Greeting:

"Whereas, Charlotta Lucile Graham, Guardian of the estate of Lucile Graham, formerly a minor, has filed her petition, final report and vouchers as such guardian and has prayed the Court for a final discharge as such guardian, and it appearing to the Court that the said Charlotta Lucile Graham has satisfactorily discharged all the duties required of her by law as such guardian and performed all acts necessary to her final discharge,

"Now, therefore, Know Ye, That I, B. D. Hiers, County Judge in and for said County aforesaid, by virtue of the power and authority by law in me vested, do hereby declare the said Charlotta Lucile Graham duly discharged by the laws of the said State as such guardian of the estate of Lucile Graham, formerly a minor, that The United States Fidelity and Guaranty Company, Surety on the Guardianship bond heretofore required and filed, together with the said Charlotta Lucille Graham hereby discharged from date hereof.

"Witness my name as County Judge aforesaid, and seal of office at Gainesville, Alachua County, State of Florida, this 13th day of July, A. D. 1936.

"(Seal)                    B. D. Hiers, County Judge."

The defendant, The United States Fidelity and Guaranty Company moved for better bill of particulars. Motion was denied.

Second amendment to the bill of complaint was filed, the amendments being:

"1. That the defendant, Charlotta Louise Graham, the guardian herein, was paid and received on behalf of the

plaintiff ward the sum of Eight Hundred Ninety-one ($891.09) Dollars and Nine cents;

"2. That at or about the time of the signing by the plaintiff ward of the purported receipt and release dated July 13, 1936, defendant guardian delivered to plaintiff ward approximately Four Hundred Seventy-Eight ($478.00) Dollars;

"3. That plaintiff ward is without knowledge as to the exact or correct amount of any further or additional funds expended in her behalf by said defendant guardian;

"4. That the plaintiff ward is without knowledge as to what if any personal property was obtained by defendant guardian for the plaintiff ward which has not been delivered to the plaintiff ward, but has been reliably informed, and being so informed charges that plaintiff ward is entitled to receive from defendant guardian one piano;

"5. That the plaintiff ward is without knowledge as to the exact amount due her by defendant guardian but is reliably informed that she is due from said defendant guardian a sum upwards of Three Hundred ($300.00) Dollars;

"6. That the defendant guardian did not at the time the said County Judge made and entered his said order dated July 13, 1936, make a final report of accounting, neither did said defendant guardian make an accounting with said County Judge or with the plaintiff ward; That the said defendant guardian has not since made an accounting with the plaintiff ward or with the said County Judge;"

The defendant-guardian filed answer and motion to dismiss in which she averred:

"(1) This defendant admits that she was the duly appointed guardian of the Plaintiff herein, and that as such Guardian there came into her hands the sum of $891.09, and that the said sum of $891.09 represents the entire amount of funds coming into her hands as such Guardian.

"(2) The Defendant admits that the Plaintiff lived with her since the 14th day of February, 1934, until the 20th day of June, 1936, and the defendant also admits that she is the aunt of the plaintiff and further, that the plaintiff reposed in the defendant full and compelte confidence and the defendant verily alleges that she fully and completely discharged the trust and confidence reposed in her with fidelity and honor.

"(3) The defendant denies all of the allegations in Paragraph 3 of the Amended Bill except that she does admit that the Plaintiff did give to her that certain release and receipt described in said amended bill. This defendant particularly denies that there was any fraud and misrepresentation of any nature whatsoever, either direct or indirectly connected with the execution and delivery of the said release, and affirmatively alleges that the plaintiff and her husband were with the defendant at the time all of the parties discussed the matter with the County Judge of Alachua County, Florida, and that such release and receipt was, in fact, drawn by said County Judge after discussed with the plaintiff and her husband, and that the plaintiff was under no compulsion to sign the same but, in fact, signed the same freely and voluntarily with the full knowledge, consent and advice of her husband, all of the facts being then and there known to all of the parties.

"(d) The defendant admits that she did pay unto the plaintiff the sum of $478.00 but denies that she is in any way accountable to the plaintiff for any further sum of money, and on the contrary, that the plaintiff is indebted to her, all of which will be set forth hereinafter."

She further alleges:

"(10) Answering the allegations of Paragraph 3 of the Second Amended Bill, the Defendant alleges that she ex-

pended the following sums of money on behalf of her said ward, to-wit:

" 1/15/35  B. D. Hiers _____ $21.00
  1/16/35  Cost of Bond _____  10.00
  7/20/35  Medical Bills _____  25.00
  8/ 1/35  Bank Charge _____    .50
 11/ 5/35  Necessary Expense _____  50.00
 11/ 5/35  Probate Cost _____  11.80
 12/10/35  Bond Premium _____  10.00
  1/13/36  Medical Bills _____  10.00
  2/13/36  Clothes _____  10.00
  3/17/36  Clothes _____  25.00
  3/28/36  Clothes _____  15.00
  4/ 1/36  Bank Charge _____    .50
  4/22/36  Shoes, etc. _____  10.00
  6/22/36  Wedding clothes _____  50.00
                                           _____
                        Total _____$249.30"

"This defendant further alleges that on the 16th day of January, 1935, the Hon. B. D. Hiers, County Judge of Alachua County, Florida, made and entered the certain order providing that this defendant be paid the sum of $25.00 per month for the care and maintenance of plaintiff in addition to emergency expenditures, a copy of which order is hereto attached and made a part of as though set forth in full herein.

"Plaintiff alleges that there is therefore, due to her for such reasonable compensation, the sum of $706.25.

"Plaintiff therefore alleges that a summarized statement of her account with the defendant is as follows:

"Cash paid to plaintiff _____ $458.64
Expense of Guardianship _____ 249.30
Due this defendant _____ 706.25

Total _____$1414.19
Less Monies received _____ 891.09

Balance due defendant _____ $523.10"

"(11) Answering the allegations of paragraph 4 of the Second Amended Bill, the defendant alleges that no personal property came into her hands belonging to ward. This defendant alleges with reference to the piano mentioned in plaintiff's Bill, that she did purchase a piano for the plaintiff to use, but that said piano was her own and that she did simply purchase the same in order to further the education of said ward, and out of a strong desire to see that said ward received every possible educational benefit.

"(12) Answering the allegations of Paragraph 5 of the Second Amended Bill, the Defendant denies that there is any money whatsoever due to the ward, but on the contrary, the ward is indebted to her the sum of $523.10.

"(13) Answering the allegations of paragraph 6 of the Second Amended Bill, this defendant denies each and every the allegations thereto, and says that she did make full and complete account of her Guardianship.

"(14) By way of Affirmative relief, the Defendant shows that a large sum of money is paid to the Plaintiff, Lucile Graham Gladney, by the plaintiff, Frank T. Hines, and that there is now due to the defendant for her services as such guardian of said ward, as set forth in paragraph 10 hereof, the sum of $523.10, and the defendant therefore prays that she may be given a decree by this Court requiring the said Frank T. Hines as Administrator of Vet-

erans' Affairs, from the funds now in his hands, or which may hereafter come into his hands, belonging to the said Lucile Graham Gladney, to pay to this defendant the sum of $523.10, and further the defendant prays that she may be allowed her costs herein, against the said plaintiff."

Copies of Orders referred to were attached to the answer.

The United States Fidelity & Guaranty Company, the surety on guardian's bond, also filed answer. Attached thereto were copies of the returns made by the Guardian to the County Judge of Alachua County, and his approval of the same.

Examiner was appointed and testimony taken.

Upon consideration of the pleadings and testimony, the order appealed from was entered.

It appears that the final settlement between the guardian and ward was made under the provisions of Chapter 9285, Acts of 1923, Section 5933 C. G. L.

The Bill of Complaint as originally drafted and as amended fails to allege any fraud committed by the Guardian against the ward in procuring the ward's final receipt and her discharge. The testimony taken shows that the Guardian had paid over to the ward an amount of money in excess of what the ward was entitled to receive under strict accounting.

Under the state of the pleadings and the testimony, the Circuit Judge was warranted in dismissing the bill of complaint because it appeared that there was nothing to be accomplished in favor of the ward by an accounting being had.

The final decree was without error and is affirmed.

So ordered.

ELLIS, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.